Electronically Filed
4/1/2022 1:22 PM
Fourth Judicial District, Ada County
Phil McGrane, Clerk of the Court
By: April Charles, Deputy Clerk

RANDALL L. SCHMITZ (ISB#5600)
SKAUG LAW, P.C.
1226 E. Karcher Road
Nampa, Idaho 83687
Telephone: (208) 466-0030
Facsimile: (208) 466-8903
randy@skauglaw.com

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF

## IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| MAURICIA PEREZ, ANGELA CRUZ, JUAN CRUZ, RAYMOND CRUZ, LAURA HARO, and MARISELA BRYSON, | Case No. CV01-22-04589 |
| Plaintiffs, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| DARLING INGREDIENTS, INC. a Delaware Corporation licensed to do business in Idaho, and JOHN DOES I – X or JOHN DOE CORPORATION I – X, | |
| Defendants. | |

COMES NOW Plaintiffs, by and through their attorney of record, Randall L. Schmitz, Skaug Law, P.C. and for cause of action against the above-named Defendants, complain and allege as follows.

### PARTIES, JURISDICTION AND VENUE

1.      That at all times relevant hereto, Plaintiffs resided in the City of Caldwell, County of Canyon, State of Idaho.

2.      That at all times relevant, Defendant Darling Ingredients, Inc. (hereinafter referred to as "Darling Ingredients" or "Defendant") was a foreign corporation organized and existing

under the laws of the State of Delaware, authorized to transact business in the State of Idaho, and at all times herein mentioned was doing business in Ada County, Idaho in the City of Kuna.

3.      Plaintiffs do not know the true names of Defendants John Does I – X or John Doe Corporations I – X inclusive, but said Defendants may also be responsible for the damage and injuries to the Plaintiffs, and Plaintiffs pray for leave to amend this Complaint and add the names of these Defendants when they are ascertained.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to I.C. § 1-705.

5.      Jurisdiction and venue are appropriate in this Court pursuant to I.C. §§ 5-404 and 5-514 in that Defendant's business as well as the negligence and harm occurred in Ada County, Idaho.

## FACTUAL ALLEGATIONS

6.      Darling Ingredients is an animal processing company with over 200 processing plants on five continents with headquarters in Irving, Texas. Darling Ingredients operates a rendering plant in Kuna, Idaho.

7.      On or about April 2, 2020, Reymundo Cruz Rodriguez ("Decedent" or "Mr. Cruz") was employed by Darling Ingredients as a maintenance worker at its Kuna plant.  In the course and scope of his employment, Mr. Cruz was performing maintenance on a pneumatic cylinder that operates a shovel blade which pushes cow parts into a grinder ("Cow Shovel").

8.      Upon information and belief, Darling Ingredients modified the Cow Shovel by manufacturing and installing four guide rods to stabilize the blade.

9.      The Cow Shovel pneumatic cylinder and guide rods were located underneath a steel staircase. Atop the staircase was a platform from which employees operated and controlled the

Cow Shovel. When retracted, the pneumatic cylinder and guide rods spanned the width of the space under the stairs.

10.     As Mr. Cruz was performing maintenance on the Cow Shovel, pneumatic pressure built up causing the rods to retract, striking, pinning, and crushing him up against the underside of the steel staircase.

11.     Mr. Cruz sustained multiple acute crushing injuries including right-sided blunt head trauma with a fractured right eye socket and fractured nose, right-sided blunt chest trauma, and lacerations under his right eye and the right side of his chest.

12.     Mr. Cruz was transported to a local trauma center by paramedics and released later that day. He died from the injuries on April 7, 2020.

13.     After Decedent's crushing incident, the U.S. Department of Labor Occupational Safety and Health Administration ("OSHA") performed inspections and investigations.

14.     OSHA cited Darling Ingredients with several serious and repeat violations whereby monetary penalties were assessed for these violations.

<u>COUNT I:</u>
**(Negligence/Gross Negligence/Recklessness)**

15.     Plaintiffs hereby incorporate by reference and reallege each and every preceding paragraph and incorporate by reference herein.

16.     On April 2, 2020, Darling Ingredients knew or consciously disregarded known safety violations and risks associated with conducting maintenance on the Cow Shovel. Darling Ingredients knew or consciously disregarded knowledge that injury to Mr. Cruz and any other employee performing maintenance on the Cow Shovel would occur as a result of its negligent, grossly negligent, reckless, and/or willful safety violations.

COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 3

17.     That at that particular time, Darling Ingredients knowingly, negligently, grossly negligently, and recklessly allowed safety violations to be disregarded, including but not limited to the following ways:

    a.  Failing to develop, document, and utilize lockout/tagout procedures to shut down, isolate, block and secure machines or equipment to control hazardous energy, including the Cow Shovel, prior to conducting maintenance on it;

    b.  Failing to keep employees away from the zone of danger created when pneumatic pressure was used on the Cow Shovel;

    c.  Failing to have energy control procedures that clearly and specifically outlined the scope, purpose, authorization, rules, and techniques to be utilized for the control of hazardous energy;

    d.  Failing to ensure specific energy control procedures were followed when scheduled and unscheduled maintenance was being performed on the Cow Shovel;

    e.  Failing to properly train authorized employees regarding recognition of hazardous energy sources, the types and magnitude of energy available in the workplace, and the methods and means necessary for energy isolation and control in the workplace, including with the Cow Shovel;

    f.  Failing to conduct periodic inspections of the energy control procedures to identify and correct any deviations and inadequacies for scheduled and unscheduled maintenance on machines and equipment, including the Cow Shovel;

    g.  Failing to provide appropriate machine guarding on the Cow Shovel to protect employees in the machine area from hazards; and

h.   Failing to warn employees about the zone of danger and hazardous energy sources associated with the Cow Shovel.

18.   As a direct and proximate cause of one or more of the foregoing willful, negligent, grossly negligent, and reckless acts or omissions by Darling Ingredients, Mr. Cruz suffered crushing injuries and death.

19.   As a direct and proximate result of Defendant's actions or inactions, Plaintiffs have incurred and suffered economic damages for funeral expenses and loss of financial support, as well as noneconomic damages for loss of the Decedent's services, training, comfort, care and society.

**COUNT II**
**(Negligence Per Se)**

20.   Plaintiffs hereby incorporate and reallege each and every preceding paragraph and incorporates the same by reference herein.

21.   Darling Ingredients had a duty to comply with all federal, state, and local laws and regulations governing safety in the workplace.

22.   Darling Ingredients had a duty to properly train and supervise its employees, including Mr. Cruz, to ensure its employees were not exposed to hazardous conditions while performing tasks and maintenance on its machinery and equipment in the workplace.

23.   Darling Ingredients negligently, recklessly, and/or willfully breached its duties to its employees, including Mr. Cruz.

24.   Darling Ingredients had a duty to ensure that its machinery, equipment, and safety policies and procedures pertaining to the Cow Shovel and all other machinery and equipment complied with all federal rules and regulations, including OSHA.

25.   OSHA rules and regulations are designed to protect employees such as Mr. Cruz.

26.     Darling Ingredients machinery, equipment, and safety policies and procedures violated OSHA rules and regulations in existence at the time, including but not limited to:

a.  Violation of 29 CFR 1910.147(c)(4)(i) for failing to develop, document, and utilize procedures for the control of potentially hazardous energy when employees were engaged in scheduled and unscheduled maintenance activities;

b.  Violation of 29 CFR. 1910.147(c)(4)(ii) for failing to have energy control procedures that clearly and specifically outlined the scope, purpose, authorization, rules, and techniques to be utilized for the control of hazardous energy;

c.  Violation of 29 CFR 1910.147(c)(4)(ii)(B) for failing to develop, document and utilize specific procedural steps for shutting down, isolating, blocking and securing machines or equipment to control hazardous energy;

d.  Violation of 29 CFR 1910.147(c)(6)(i)(B) for failing to conduct periodic inspections of the energy control procedures to correct any deviations or inadequacies identified;

e.  Violation of 29 CFR 1910.147(c)(7)(i)(A) for failing to train authorized employees in the recognition of applicable hazardous energy sources, the type and magnitude of the energy available in the workplace, and the methods and means necessary for energy isolation and control; and

f.  Violation of 29 CFR 1910.212(a)(1) for failing to provide one or more methods of machine guarding to protect the operator and other employees in the machine area from hazards such as those created by point of operation, ingoing nip points, rotating parts, flying chips and sparks;

27.     Darling Ingredients violation of OSHA rules and regulations constitute negligence per se.

28.     As a direct and proximate result of one or more of the foregoing violations by Darling Ingredients, Mr. Cruz suffered crushing injuries and death.

29.     As a direct and proximate result of Defendant's actions or inactions, Plaintiffs have incurred and suffered economic damages for funeral expenses and loss of financial support, as well as noneconomic damages for loss of the Decedent's services, training, comfort, care and society.

**COUNT III**
**(Wrongful Death)**

30.     Plaintiffs hereby incorporate and reallege each and every preceding paragraph and incorporate the same by reference herein.

31.     Plaintiff Mauricia Perez is Decedent's spouse and as such qualifies as an heir under I.C. § 5-311.

32.     Plaintiffs Angela Cruz, Juan Cruz, and Raymond Cruz are Decedent's natural children and as such qualify as heirs under I.C. § 5-311.

33.     Plaintiffs Laura Haro and Marisela Bryson are Decedent's stepchildren and as such qualify as heirs under I.C. § 5-311.

34.     The untimely death of Mr. Cruz and resulting injuries to Plaintiffs were directly and proximately caused by the negligent, grossly negligent, recklessness, and/or willful actions or inactions by Darling Ingredients.

35.     As a direct and proximate result of Defendant's actions or inactions, Plaintiffs have incurred and suffered economic damages for funeral expenses and loss of financial support, as well as noneconomic damages for loss of the Decedent's services, training, comfort, care and society.

## DEMAND FOR ATTORNEY FEES

36.     As a direct and proximate result of Defendant's negligence, gross negligence, and/or recklessness, Plaintiffs have been required to retain the services of Skaug Law, P.C., to prosecute this action and are entitled to an award of attorney's fees and costs pursuant to I.C. § 12-121 and Rule 54 of the Idaho Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment against the Defendant as follows:

1. For special damages consisting of funeral expenses and loss of financial support all in an amount to be proven at trial but which exceed $10,000;

2. For general damages consisting of loss of consortium, services, training, comfort, care, and society all in an amount to be proven at trial but which exceed $10,000.00;

3. For pre-judgment interest;

4. For Plaintiffs' reasonable attorney fees and costs pursuant to I.C. § 12-120 and Rule 54 of the Idaho Rules of Civil Procedure;

5. For such other and further as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Idaho Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury of not less than twelve (12) members.

Dated:  April 1, 2022                    SKAUG LAW OFFICES, P.C.


                                         _/s/ Randall L.Schmitz___
                                         Randall L. Schmitz