UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAURCIA PEREZ, ANGELA CRUZ, JUAN CRUZ, RAYMOND CRUZ, LAURA HARO and MARISELA BRYSON,<br><br>        Plaintiff,<br><br>    v.<br><br>DARLING INGREDIENTS, INC., a Delaware Corporation licensed to do business in Idaho, and JOHN DOES I–X or JOHN DOE CORPORATION I–X,<br><br>        Defendants. | Case No. 1:22-cv-00191-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are Darling Ingredients' motion for summary judgment (Dkt. 28), the plaintiffs' motion to strike (Dkt. 32), and Darling's motion to strike (Dkt. 35). For the reasons described below, the Court will grant in part and deny in part the motion for summary judgment and deny both motions to strike.

## BACKGROUND

This case arises from an incident at Darling's plant in Kuna, Idaho. Darling

is an animal processing company headquartered in Texas, with operations in several states including Idaho. *Def. Statement of Undisputed Facts* at ¶ 1, Dkt. 28-2. Reymundo Cruz was employed as a maintenance worker at the Kuna plant in 2020 when he was fatally injured while repairing a machine called a "cow pusher" or "cow shovel." *State Court Complaint* at ¶ 7, Dkt. 1-2. This machine was designed and installed in 2010 by two Darling employees, Jose Guerrero and the decedent, Mr. Cruz. *Def. Statement of Undisputed Facts* at ¶ 6, Dkt. 28-2.

The cow shovel uses "pneumatic pressure" to push cattle carcasses into a grinder. *Id.* at ¶ 6–7. Pneumatic pressure is considered a hazardous energy source, which generally requires certain safety procedures, including a practice called "lockout-tagout," to ensure worker safety. *Lockout/Tagout Policy*, Pl.'s Ex. H. These procedures are designed "to prevent an unexpected start-up or release of stored energy, while maintenance or servicing is being done." *Id.* Use and maintenance of the cow shovel, however, did not specifically require such procedures. *Pl.'s Statement of Disputed Facts*, ¶1q, Dkt. 31-4.

On April 7, 2020, Mr. Cruz was performing a repair on the cow shovel when the pressurized air caused the metal rods of the machine to extend, crushing Mr. Cruz. *Def. Statement of Undisputed Facts* at ¶ 10, 15, Dkt. 28-2. He died from his injuries several days later. *Id.* ¶ 19. After Mr. Cruz's death in April 2020, OSHA

inspected the Kuna plant and issued one repeat citation and five serious citations for failing to implement safety precautions and properly control hazardous energy sources. *OSHA Citation*, Pl.'s Ex. A, Dkt. 31-1.

Following Mr. Cruz's death, Mr. Cruz's spouse, children and stepchildren; filed a Complaint in Idaho State Court alleging negligence, negligence per se, and wrongful death against Darling. *Id*. at ¶¶ 31–33. Darling removed the case to federal court and now moves for summary judgment on all claims against it. The plaintiffs oppose the motion.

## LEGAL STANDARD

### A.    Summary Judgment

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986). There must be a genuine dispute as to any *material* fact—a fact "that may affect the outcome of the case."

*Id.* at 248. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to a material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In evaluating whether the moving party has met this burden, the Court must view the evidence in the light most favorable to the non-moving party and the Court must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).

Once the moving party has met its burden, the non-moving party carries the burden to present evidence showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 323. The non-moving party must go beyond the pleadings and show through "affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Id.* at 324.

**B.    Motion to Strike**

Generally, to object to evidence at summary judgment "[t]here is no need to make a separate motion to strike." Fed. R Civ. P. 56 advisory committee's note to 2010 amendment. Motions to strike are limited to pleadings which are defined by

Federal Rule 7(a). *See Albertson v. Fremont County, Idaho*, 834 F.Supp.2d 1117, 1123 n.3 (D. Idaho 2011). Thus, the motions to strike filed in this case will be construed as objections pursuant to Rule 56(c)(2).

Only admissible evidence may be considered in ruling on a motion for summary judgment. *Orr v. Bank of America*, 285 F.2d 764, 773 (9th Cir. 2002); *see also* Fed. R. Civ. P. 56(c). However, in determining admissibility for summary judgment purposes, it is the contents of the evidence rather than its form that must be considered. *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003). If the contents of the evidence could be presented in an admissible form at trial, those contents may be considered on summary judgment. *Id.*

## ANALYSIS

### A.      Motion for Summary Judgment

The Idaho Worker's Compensation Act is the exclusive remedy for employees injured during the course and scope of their employment. § 72-209(3). This rule limits an injured employee's recovery to worker's compensation and, generally, will bar them from seeking damages in tort. *Yount v. Boundary County*, 796 P.2d 516, 516 (Idaho 1990). There is, however, a limited exception to this rule: A plaintiff's claim will not be barred by the exclusive remedy rule when the employer's conduct amounts to "willful or unprovoked physical aggression." Idaho

Code § 72-209(3). Plaintiffs, here, argue Darling's conduct falls within the exception for unprovoked physical aggression. *Response* at 15, Dkt. 31. This exception applies where an employer "(1) committed an offensive action or hostile attack (2) aimed at the bodily integrity of the employee with (3) an unprovoked, i.e., general, intent to injure an employee." *Gomez v. Crookham Company*, 457 P.3d 901 (Idaho 2020).

This case is governed by two Idaho Supreme Court decisions interpreting the meaning of "unprovoked physical aggression." *See id; Marek v. Hecla Limited*, 384 P.3d 975 (Idaho 2016).[1] In *Marek*, the Idaho Supreme Court held that an employer acts with "unprovoked physical aggression" where "the employer actually knew or consciously disregarded knowledge that employee injury would result from the employer's action." *Id.* at 981. In *Gomez*, the Idaho Supreme Court further clarified when "the consciously disregarded knowledge test might be satisfied." *Gomez*, 457 P.3d at 910. It concluded that "*Marek* clearly left open a narrow, yet alternate, pathway to recovery for employees in extreme cases where it

---

[1] After the Idaho Supreme Court decided *Gomez* in 2020, the Idaho legislature amended Idaho Code § 72-209(3) to define unprovoked physical aggression. *Fulfer v. Sorrento Lactalis, Inc.*, 520 P.3d 708, 710 n.1 (Idaho 2022). The Idaho Supreme Court, however, clarified that despite the legislature's amendment, *Gomez* governs cases arising from injuries that occured before July 1, 2020. Here, Mr. Cruz's injury and, ultimately, death, occurred in April 2020.

would be unreasonable to assume the employer was completely unaware of an obvious and grave risk to an employee's life and limb." *Id.* Both cases, however, are clear that "negligence—no matter how gross—is insufficient to trigger the exclusivity exception under section 72-209(3)." *Marek*, 384 P.3d at 984.

Here, the plaintiffs allege Darling's conduct falls within this exception because it is unreasonable to assume Darling was unaware of the danger presented by the cow shovel. They emphasize that the facts here are just like those in *Gomez*. And, indeed, they are. In *Gomez*, an employee was killed while cleaning a "picking table." *Gomez*, 457 P.3d at 904–05. The picking table was a machine, like the cow shovel, made by an employee to meet the employer's needs more efficiently. *Id.* at 904. The picking table did not fully comply with lockout-tagout procedures and the employer had been previously cited for violating machine safety standards and procedures.[2] *Id.*

That said, these similarities only get the plaintiffs so far. In *Gomez*, the

---

[2] It was briefly discussed at the summary judgment hearing whether the court in *Gomez* indicated whether the OSHA citations involved the picking table or another machine. Upon revisiting *Gomez*, the Idaho Supreme Court does not specify whether the previous OSHA citations related to safety failures with the picking table or other machines. *See Gomez*, 457 P.3d at 904, 911 (stating "OSHA had previously cited Crookham for violating machine guard safety standards and lockout-tagout protocol" and "OSHA had previously issued similar violations to Crookham for violating machine guard and lockout-tagout protocols")

**MEMORANDUM DECISION AND ORDER - 7**

Idaho Supreme Court did not find that a genuine issue of material fact existed; instead, it remanded the case to the trial court to determine "whether there is a genuine issue of material fact as to whether Crookham consciously disregarded knowledge of a serious risk to Mrs. Gomez." *Gomez*, 457 P.3d at 260. This procedural posture limits the use of the factual similarities such that they, alone, are not conclusive.

Indeed, Darling argues, despite similarities to *Gomez*, it did not know or consciously disregard any risk to employee life and limb because Mr. Cruz's actions were not foreseeable. It argues Mr. Cruz received training on lockout-tagout protocol, knew how to operate the cow shovel, and that Mr. Cruz could have repaired the machine safely. *See e.g.*, *Deposition of Mr. Steffens*, Def. Ex. B at 12–13, Dkt. 28-3 (discussing lockout-tagout trainings); *Deposition of Mr. Guerrero*, Def. Ex. D. at 5, Dkt. 28-3 (discussing creation of cow shovel with Mr. Cruz); *Giles Report*, Def. Ex. A, at Ex. 1, Dkt. 28-3 (opining that safer method to approach machine existed). As such, Darling argues, it was not obvious that the cow shovel posed a danger or that Darling consciously disregarded that risk. Darling further argues that the plaintiffs' negligence per se claim cannot fall within the exclusive remedy exception because "negligence—no matter how gross—is insufficient to trigger the exclusivity exception under section 72-209(3)" *Gomez*,

457 P.3d at 909–10 (quoting *Marek*, 384 P.3d at 984). The plaintiffs conceded this much during the hearing and the Court agrees. Accordingly, Darling's motion for summary is granted as to Count II.

With respect to Counts I and III, however, the plaintiffs have presented sufficient evidence to create a dispute of material fact that the exception applies. Darling was aware of its obligation to implement certain safety protocols when a machine, such as the cow shovel, used hazardous energy. *Darling's Statement of Facts* at ¶ 6; *See Deposition of Mr. Vidales*, Pl.'s Ex. F at 15–18, Dkt. 31-2. The cow shovel was modified by Darling employees in 2010 and the modification created an obvious and unsecured "pinch point." *See Deposition of Mr. Guerrero*, Pl.'s Ex. E at 4, Dkt. 31-2; *Aleksander Report* at 17–18, Dkt 31-5; *OSHA Violation Worksheet*, Pl.'s Ex. C, Dkt. 31-1. Darling routinely conducted periodic safety inspections at the Kuna plant to ensure compliance with safety requirements, but it did not identify the cow shovel as a hazardous energy source or implement safety protocols specific to the machine until after Mr. Cruz's death. *See Lockout/Tagout Policy*, Pl.'s Ex. H at 14, Dkt. 31-3; *Deposition of Mr. Steffens*, Pl.'s Ex. G at 5, Dkt. 31-3; *Deposition of Mr. Vidales*, Pl.'s Ex. F at 19, Dkt. 31-2. Indeed, after Mr. Cruz's death OSHA issued several "serious" violations to Darling for failure to implement proper safety procedures, including lockout-tagout, for the cow shovel.

*See OSHA Citations*, Pl.'s Ex. A, Dkt. 31-1

Under these circumstances, a reasonable jury could find that Darling knew or consciously disregarded the risk posed by the cow shovel. As such, the Court will deny Darling's motion as to Counts I and III. The purpose of the exception to the exclusive remedy rule "is to take into account cases where an employer was aware of the danger, but consciously decided to ignore it." *Id.* at 259. A reasonable jury could conclude that's exactly what happened here.

The difficulty with this case is the Idaho Supreme Court's decision in *Gomez*, as Justice Stegner described, required "Idaho's bench and bar to reinvent the wheel." *Gomez*, 457 P.3d at 261 (Stegner, J., concurring). The legislature's quick reaction to the decision in *Gomez*, however, curtailed any such reinvention. It appears other states have not adopted a similar standard, so there is nowhere else to look for guidance but *Gomez*. And, under *Gomez*, the Court simply cannot find that no issue of material fact remains. Accordingly, Darling's motion for summary judgment is denied as to Counts I and III and granted as to Count II.

## B.      Evidentiary Objections

As explained at the hearing, the Court will only rule on evidentiary objections if the Court relied on that evidence when reaching its decision. The Court, therefore, will address the objections to Adam Aleksander's report, Bradley

**MEMORANDUM DECISION AND ORDER - 10**

Giles' report, and the OSHA Citations. All other objections are denied as moot.

### 1. Giles Report

The plaintiffs object to Mr. Giles' report for several reasons. They first argue the entire report is inadmissible because it was attached to the declaration of defense counsel who lacks the requisite personal knowledge of a declarant. Darling has, "out of an abundance of caution," submitted a declaration from their expert. *See Response to Motion to Strike* at 6, Dkt. 40. The Court finds that this renders this objection moot.

The plaintiffs also object to several portions of the Giles report as speculative or improperly opining on Mr. Cruz's state of mind. Relevant here, is Mr. Giles' conclusion that Mr. Cruz chose to conduct the repair in the manner he did because a safer alternative existed. The Court is not persuaded this conclusion amounts to an opinion on Mr. Cruz's state of mind. Even to the extent is does opine on Mr. Cruz's state of mind, the Court relied only relied on the Giles report for its opinion that an alternate method existed to approach the machine, which certainly does not opine on Mr. Cruz's state of mine. Further any objection to the opinion as speculative is overruled. Mr. Giles reviewed the material in this case and inspected the Kuna plant and cow shovel. Accordingly, these objections are overruled.

MEMORANDUM DECISION AND ORDER - 11

### 2. Aleksander Report

Darling objects to portions of the Aleksander report as speculative and as offering an opinion on an ultimate issue. The Court does not rely on Dr. Aleksander's statements that Darling "deliberately and intentionally ignored the hazard," so it will not evaluate whether it opines on an ultimate issue. The Court, however, will overrule the objections to the Aleksander Report as speculative. Dr. Aleksander's opinions are based on depositions, OSHA citations, and his personal observations of the plant. Much like Darling's expert, this provides sufficient foundation to render his opinion non-speculative.

### 3. OSHA Citations

Darling also objects to statements in the OSHA Citations as speculative and concerning an ultimate issue of law. More specifically, they argue that that the label "serious" should be struck from the citations as should the conclusion that Darling had direct knowledge of the dangerous condition. Darling's objections appear to assume that the OSHA report was prepared by an expert and, thus, subject to the requirements for expert testimony. This, however, is not the case. As such, the Court will overrule this objection and deny the motion to strike.

### ORDER

**IT IS ORDERED that:**

1. Defendant's Motion for Summary Judgment (Dkt. 28) is **DENIED IN**

**PART** and **GRANTED IN PART**. Summary judgment is granted as to Count II and denied as to Counts I and III.

2. Plaintiffs' Motion to Strike (Dkt. 32) is **DENIED.**

3. Defendant's Motion to Strike (Dkt. 35) is **DENIED**.

DATED: March 11, 2024

B. Lynn Winmill
U.S. District Court Judge